APPEAL,CLOSED,E−NTC,JURY,PROSE−NP,TYPE−F

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:25−cv−02332−TNM

| | |
|---|---|
| RAVEN v. ROBERTS et al<br>Assigned to: Judge Trevor N. McFadden<br>Related Case: 1:17−cv−01240−TNM<br>Cause: 42:1981 Civil Rights | Date Filed: 07/14/2025<br>Date Terminated: 01/26/2026<br>Jury Demand: Plaintiff<br>Nature of Suit: 440 Civil Rights: Other<br>Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**JULIAN RAVEN**　　　　　　　　　represented by **JULIAN RAVEN**
714 Baldwin St.
Elmira, NY 14901
(434)221−1676
Email: julianmarcusraven@gmail.com
PRO SE

V.

**Defendant**

**JOHN G. ROBERTS, JR.**　　　　　represented by **Thomas Duffey**
*in his official capacity as Chancellor of*　　　　U.S. ATTORNEY'S OFFICE
*the Smithsonian Institution*　　　　　　　　555 4th Street, NW
　　　　　　　　　　　　　　　　　　　　Washington, DC 20530
　　　　　　　　　　　　　　　　　　　　(202) 252−2510
　　　　　　　　　　　　　　　　　　　　Email: thomas.duffey@usdoj.gov
　　　　　　　　　　　　　　　　　　　　*LEAD ATTORNEY*
　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Defendant**

**LONNIE G. BUNCH, III**　　　　　represented by **Thomas Duffey**
*Secretary of the Smithsonian Institution*　　　(See above for address)
　　　　　　　　　　　　　　　　　　　　*LEAD ATTORNEY*
　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Defendant**

**RICHARD KURIN**　　　　　　　　represented by **Thomas Duffey**
*Former Smithsonian Under Secretary*　　　　(See above for address)
　　　　　　　　　　　　　　　　　　　　*LEAD ATTORNEY*
　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Defendant**

**SMITHSONIAN BOARD OF**　　　represented by **Thomas Duffey**
**REGENTS**　　　　　　　　　　　　(See above for address)
　　　　　　　　　　　　　　　　　　　　*LEAD ATTORNEY*
　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Defendant**

**DONALD J. TRUMP**  represented by  **Thomas Duffey**
*The President of the United States*  (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. CONGRESS**  represented by  **Thomas Duffey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**UNITED STATES OF AMERICA**  represented by  **Thomas Duffey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/14/2025 | 1 | COMPLAINT against LONNIE BUNCH, III, RICHARD KURIN, JOHN G. ROBERTS, JR, SMITHSONIAN BOARD OF REGENTS ( Filing fee $ 405, receipt number 209996) with Jury Demand filed by JULIAN RAVEN. (Attachments: # 1 Civil Cover Sheet, # 2 Envelope)(zjm) (Entered: 07/28/2025) |
| 07/14/2025 |  | SUMMONS Not Issued as to LONNIE BUNCH, III, RICHARD KURIN, JOHN G. ROBERTS, JR, SMITHSONIAN BOARD OF REGENTS (zjm) (Entered: 07/28/2025) |
| 07/30/2025 | 5 | REQUEST FOR SUMMONS TO ISSUE filed by JULIAN RAVEN. (Attachments: # 1 Summons, # 2 Summons, # 3 Summons, # 4 Summons)(zjm) (Entered: 08/12/2025) |
| 07/31/2025 | 2 | MOTION for Order for Certification by JULIAN RAVEN. (zjm) (Entered: 08/01/2025) |
| 07/31/2025 | 3 | MOTION to Take Judicial Notice by JULIAN RAVEN. (Attachments: # 1 Exhibits)(zjm) (Entered: 08/01/2025) |
| 07/31/2025 | 4 | MOTION for CM/ECF Password by JULIAN RAVEN. (zjm) (Entered: 08/01/2025) |
| 08/11/2025 | 6 | REQUEST FOR SUMMONS TO ISSUE filed by JULIAN RAVEN. (Attachments: # 1 Summons, # 2 Summons, # 3 Summons, # 4 Summons)(zjm) (Entered: 08/12/2025) |
| 08/12/2025 | 7 | REQUEST FOR SUMMONS TO ISSUE filed by JULIAN RAVEN.(zjm) (Entered: 08/12/2025) |
| 08/12/2025 |  | SUMMONS (6) Issued as to LONNIE BUNCH, III, RICHARD KURIN, JOHN G. ROBERTS, JR, SMITHSONIAN BOARD OF REGENTS, U.S. Attorney and U.S. Attorney General (zjm) (Entered: 08/12/2025) |
| 08/19/2025 | 8 | MOTION to Amend Defendants by JULIAN RAVEN. (zjm) (Entered: 08/21/2025) |
| 08/19/2025 | 9 |  |

| | | |
|---|---|---|
| | | MOTION for Certification to the United States Supreme Court by JULIAN RAVEN. (zjm) (Entered: 08/21/2025) |
| 08/19/2025 | 10 | MOTION for Preliminary Injunction by JULIAN RAVEN. (zjm) (Entered: 08/21/2025) |
| 08/19/2025 | 11 | AMENDED COMPLAINT against LONNIE BUNCH, III, RICHARD KURIN, JOHN G. ROBERTS, JR, SMITHSONIAN BOARD OF REGENTS, DONALD J. TRUMP, U.S. CONGRESS, UNITED STATES with Jury Demand filed by JULIAN RAVEN.(zjm) (Entered: 08/21/2025) |
| 08/19/2025 | 12 | MOTION for Leave to File Amended Complaint by JULIAN RAVEN. (zjm) (Entered: 08/21/2025) |
| 08/19/2025 | 13 | REQUEST FOR SUMMONS TO ISSUE filed by JULIAN RAVEN. (Attachments: # 1 Summons)(zjm) (Entered: 08/21/2025) |
| 08/21/2025 | | Summons (2) Issued as to DONALD J. TRUMP, U.S. CONGRESS. (zjm) (Entered: 08/21/2025) |
| 08/26/2025 | 14 | Unopposed MOTION for Extension of Time to File Response/Reply as to 10 MOTION for Preliminary Injunction *with propsed order* by LONNIE BUNCH, III, RICHARD KURIN, JOHN G. ROBERTS, JR, SMITHSONIAN BOARD OF REGENTS, DONALD J. TRUMP, U.S. CONGRESS, UNITED STATES. (Duffey, Thomas) (Entered: 08/26/2025) |
| 08/26/2025 | | MINUTE ORDER: Defendants' Unopposed 14 Motion for Extension is GRANTED. Defendants' Response to Plaintiff's 10 Motion for Preliminary Injunction is due by September 9, 2025. Plaintiff's reply, if any, is due by September 16, 2025. Signed by Judge Tanya S. Chutkan on 8/26/2025. (lcdh) (Entered: 08/26/2025) |
| 09/05/2025 | 17 | NEW Pro Se Consent To Receive Notices of Electronic Filing by JULIAN RAVEN (zjm) (Entered: 09/11/2025) |
| 09/09/2025 | 15 | Memorandum in opposition to re 10 MOTION for Preliminary Injunction filed by LONNIE BUNCH, III, RICHARD KURIN, JOHN G. ROBERTS, JR, SMITHSONIAN BOARD OF REGENTS, DONALD J. TRUMP, U.S. CONGRESS, UNITED STATES. (Attachments: # 1 Text of Proposed Order)(Duffey, Thomas) (Entered: 09/09/2025) |
| 09/09/2025 | 16 | MOTION to Dismiss by LONNIE BUNCH, III, RICHARD KURIN, JOHN G. ROBERTS, JR, SMITHSONIAN BOARD OF REGENTS, DONALD J. TRUMP, U.S. CONGRESS, UNITED STATES. (Attachments: # 1 Text of Proposed Order)(Duffey, Thomas) (Entered: 09/09/2025) |
| 09/30/2025 | 18 | ORDER warning Plaintiff under *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988). Plaintiff's response to Defendants' 16 Motion to Dismiss is due by October 31, 2025. Defendants' reply, if any, is due by November 14, 2025. See the attached Order for details. Signed by Judge Trevor N. McFadden on 9/30/2025. (lctnm1) (Entered: 09/30/2025) |
| 09/30/2025 | 19 | Case directly reassigned to Judge Trevor N. McFadden as related. Judge Tanya S. Chutkan is no longer assigned to the case. (ztnr) (Entered: 10/01/2025) |
| 09/30/2025 | 20 | Memorandum in opposition to re 16 MOTION to Dismiss filed by JULIAN RAVEN. (zjm) (Entered: 10/03/2025) |

| | | |
|---|---|---|
| 09/30/2025 | 21 | REPLY to opposition to motion re 10 Motion for Preliminary Injunction filed by JULIAN RAVEN. (See Docket Entry 20 to view document) (zjm) (Entered: 10/03/2025) |
| 10/06/2025 | | Set/Reset Deadlines: Defendants' reply due by 11/14/2025. (hmc) (Entered: 10/06/2025) |
| 10/19/2025 | 22 | MOTION for Recusal by JULIAN RAVEN. (mg) (Entered: 10/30/2025) |
| 10/26/2025 | 23 | NOTICE OF RELATED CASE by JULIAN RAVEN. Case related to Case No. 17cv1240. (Attachments: # 1 Text of Proposed Order)(mg) (Entered: 11/03/2025) |
| 10/26/2025 | 24 | MOTION to Clarify, MOTION for Recusal by JULIAN RAVEN. (See docket entry 23 to view document). (mg) (Entered: 11/03/2025) |
| 11/30/2025 | 25 | MOTION for Extension of Time to File Response/Reply as to 16 MOTION to Dismiss *with proposed order* by LONNIE BUNCH, III, RICHARD KURIN, JOHN G. ROBERTS, JR, SMITHSONIAN BOARD OF REGENTS, DONALD J. TRUMP, U.S. CONGRESS, UNITED STATES OF AMERICA. (Duffey, Thomas) (Entered: 11/30/2025) |
| 12/01/2025 | | MINUTE ORDER: The 25 Motion for Extension of Time is GRANTED in part. Defendant's reply, if any, is due on or before December 15, 2025. SO ORDERED. Signed by Judge Trevor N. McFadden on 12/1/2025. (lctnm1). (Entered: 12/01/2025) |
| 12/05/2025 | 26 | Memorandum in opposition to re 25 MOTION for Extension of Time to File Response/Reply as to 16 MOTION to Dismiss *with proposed order* filed by JULIAN RAVEN. (mg) (Entered: 12/08/2025) |
| 12/05/2025 | 27 | NOTICE of Filing by JULIAN RAVEN. (See docket entry 26 to view document) (mg) (Entered: 12/08/2025) |
| 12/12/2025 | 29 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: Plaintiff's Letter. Reason(s): Other− Filing is not in a pleading format. (mg) (Entered: 12/16/2025) |
| 12/15/2025 | 28 | REPLY to opposition to motion re 16 Motion to Dismiss filed by LONNIE BUNCH, III, RICHARD KURIN, JOHN G. ROBERTS, JR, SMITHSONIAN BOARD OF REGENTS, DONALD J. TRUMP, U.S. CONGRESS, UNITED STATES OF AMERICA. (Duffey, Thomas) (Entered: 12/15/2025) |
| 12/18/2025 | 30 | NOTICE of Intent to File Motion for Leave to File Surreply by JULIAN RAVEN (mg) (Entered: 12/22/2025) |
| 12/19/2025 | 31 | MOTION for Leave to File Surreply by JULIAN RAVEN. (Attachments: # 1 Surreply, # 2 Text of Proposed Order)(mg) (Entered: 12/29/2025) |
| 01/07/2026 | | MINUTE ORDER. The 12 Motion for Leave to File Amended Complaint is GRANTED. The Court is in receipt of the parties' briefs concerning Plaintiff's 11 Amended Complaint and Defendants' 16 Motion to Dismiss and requires no additional briefing on this matter. SO ORDERED. Signed by Judge Trevor N. McFadden on 1/7/2026 (lctnm1). (Entered: 01/07/2026) |
| 01/26/2026 | | MINUTE ORDER. The 4 Motion for a CM/ECF password is DENIED. Under LCvR 5.4(b)(2), Plaintiff must "certify[] that he... has successfully completed the entire Clerk's Office on−line tutorial." Plaintiff failed to clearly state he completed the tutorial. It is further ORDERED that the 8 Motion to Amend Defendants is denied as |

4

| | | |
|---|---|---|
| | | moot. The proper way to name new defendants is through seeking leave to file an amended complaint, see Fed. R. Civ. P. 15, which Plaintiff eventually did in 11 Amended Complaint. The prior Motion is thus moot. SO ORDERED. Signed by Judge Trevor N. McFadden on 1/26/2026 (lctnm1). (Entered: 01/26/2026) |
| 01/26/2026 | 32 | MEMORANDUM OPINION granting 16 Motion to Dismiss See attached Opinion for details. Signed by Judge Trevor N. McFadden on 1/26/2026. (lctnm1). (Entered: 01/26/2026) |
| 01/26/2026 | 33 | ORDER. For the reasons stated in the 32 Memorandum Opinion, Defendant's 16 Motion to Dismiss is GRANTED. It is furthered ORDERED that the 10 Motion for a Preliminary Injunction is DENIED as moot; the 2 Motion for Order for Certification, the 3 Motion to Take Judicial Notice, the 9 Motion for Certification to the United States Supreme Court, the 22 Motion for Recusal, and the 24 Motion to Clarify, Motion for Recusal are DENIED. It is further ORDERED that the 31 Motion for Leave to File Surreply is GRANTED. See attached Order for details. SO ORDERED. Signed by Judge Trevor N. McFadden on 1/26/2026. (lctnm1) (Main Document 33 replaced on 1/26/2026) (zhmc). (Entered: 01/26/2026) |
| 01/26/2026 | 34 | SURREPLY to re 16 MOTION to Dismiss filed by JULIAN RAVEN. (mg) (Entered: 02/27/2026) |
| 02/25/2026 | 35 | MOTION for Extension of Time to File NOTICE of APPEAL by JULIAN RAVEN. (mg) (Entered: 02/27/2026) |
| 03/02/2026 | | MINUTE ORDER. The 35 Motion for Extension of Time to File Notice of Appeal is GRANTED. The Notice is now due by March 25, 2026. SO ORDERED. Signed by Judge Trevor N. McFadden on 3/2/2026 (lctnm1). (Entered: 03/02/2026) |
| 03/11/2026 | 36 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 32 Memorandum & Opinion, 33 Order, by JULIAN RAVEN. Fee Status: No Fee Paid. (mg) (Entered: 03/13/2026) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Julian Raven,**
Plaintiff,

v.

**President Donald J. Trump, Chancellor John Roberts, Secretary Lonnie Bunch III, Et al.**

**Case No. 1:25-cv-02332-TNM**

## NOTICE OF APPEAL

Notice is hereby given that Plaintiff **Julian Raven** hereby appeals to the **United States Court of Appeals for the District of Columbia Circuit** from the **final order and accompanying memorandum opinion** entered in this action on **January 26, 2026** (ECF Nos. 32 and 33), which granted Defendants' motion to dismiss, denied Plaintiff's motion for preliminary injunction as moot, denied all other outstanding motions, and dismissed the case without prejudice.

This appeal encompasses all adverse rulings and denials reflected in the final judgment, including the dismissal of Plaintiff's claims, denial of injunctive relief, and denial of all pending motions except the motion for leave to file sur-reply.

This Notice of Appeal falls within the extension of time to file granted by the court.

March 11, 2026
Respectfully submitted,

*/s/ Julian Raven*

Julian Raven, Pro se
714 Baldwin St.
Elmira,
New York, 14901



**RECEIVED**

MAR 11 2026

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

1

6

I, Julian Raven do hereby verify and swear that a full copy of this Notice of Appeal has been served on defendants.

*[signature]*

**Julian Raven**
Plaintiff, Pro Se
714 Baldwin St.,
Elmira, New York, 14901
Dated: March 11, 2026

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JULIAN RAVEN,**<br><br>          Plaintiff,<br><br>     v.<br><br>**DONALD TRUMP,** *et al.*,<br><br>          Defendants. | Case No. 1:25-cv-2332 (TNM) |

# ORDER

Upon consideration of Defendants' [16] Motion to Dismiss, the pleadings, and the relevant law, it is hereby

**ORDERED** that Defendants' [16] Motion to Dismiss is GRANTED and the case is dismissed without prejudice; it is further

**ORDERED** that the [10] Motion for a Preliminary Injunction is DENIED as moot; it is further

**ORDERED** that the [2] Motion for Order for Certification, the [3] Motion to Take Judicial Notice, the [9] Motion for Certification to the United States Supreme Court, the [22] Motion for Recusal, and the [24] Motion to Clarify, Motion for Recusal are DENIED; it is further

**ORDERED** that the [31] Motion for Leave to File Surreply is GRANTED.

The Clerk of Court is requested to close this case. This is a final, appealable order. *See* Fed. R. App. P. 4(a).

**SO ORDERED**.

Dated:  January 26, 2026

2026.01.26
11:26:02 -05'00'

TREVOR N. McFADDEN, U.S.D.J.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JULIAN RAVEN,**<br><br>                    Plaintiff,<br><br>           v.<br><br>**DONALD TRUMP,** *et al.*,<br><br>                    Defendants. | Case No. 1:25-cv-2332 (TNM) |

**MEMORANDUM OPINION**

National Portrait Gallery leadership has twice rejected Julian Raven's painting of President Donald Trump for display, and Raven has twice sued Portrait Gallery leadership over that decision.  For his third lawsuit, Raven, proceeding pro se, tries something different.  He now trains his sights on the entire Smithsonian, claiming that partisanship, corruption, mismanagement, and presidential overreach have infected the institution.  He sues the President, Congress, the Chief Justice, and Smithsonian leadership for their failure to stop its decline.

In this case, the third time is not the charm.  In pursuing the Smithsonian, Raven never alleges a concrete harm, particular to himself.  He thus lacks standing to bring this case.  The Court will dismiss it.

I.

Raven's saga with the Smithsonian begins in 2016, when he submitted a portrait for display at the National Portrait Gallery.  Am. Compl. at 11, ECF No. 11.  The museum's director, Kim Sajet, rejected his submission and subsequent appeal, so Raven sued her and the museum's Board of Regents, alleging various tort claims and violations of the First and Fifth Amendments.  *See Raven v. Sajet*, 334 F. Supp. 3d 22, 25 (D.D.C. 2018).  The Court dismissed Raven's

9

complaint for failure to state a claim. *Id.* at 35–36. In 2022, Raven mentioned Sajet in a tweet, Sajet blocked Raven on Twitter, so Raven sued again. *See Raven v. Sajet*, No. 22-cv-2809, 2024 WL 5118228, at *1 (D.D.C. Dec. 16, 2024). That suit was also dismissed for failure to state a claim. *Id.* at *5.

After President Trump was re-elected in 2024, Raven once again sought to have the National Portrait Gallery display his portrait, and once again, Raven's submission was denied. Am. Compl. at 15. Unrelatedly, in May 2025, President Trump "publicly demanded Sajet's removal," prompting Sajet's resignation two weeks later. *Id.* at 12–13. These events led Raven to broaden his focus from the Portrait Gallery to the entire Smithsonian, and to problems beyond his portrait's rejection—"partisan hijacking, unaccountable corruption, leadership chaos," and "presidential meddling" in the Smithsonian's affairs. *Id.* at 9. Seeking to remedy these failures, Raven turned to this Court for the third time. *See* Compl., ECF No. 1.

He sues Lonnie Bunch III in his capacity as the Secretary of the Smithsonian, Richard Kurin as former Smithsonian Under Secretary, and the Smithsonian Board of Regents for "breach of fiduciary duty," "constructive fraud and misrepresentation," and "institutional nonfeasance and trustee dereliction." Am. Compl. at 19–22. And he sues Congress for "fiduciary nonfeasance and inaction," the President for "executive overreach and violation of donor intent," and all of them (collectively, "the Government") for "institutional nonfeasance combined with executive interference." *Id.* at 24–26. He also seeks a preliminary injunction enjoining the President from interfering with the Smithsonian and declaring the Smithsonian a private trust. *See* Pl.'s Mot. at 9, ECF No. 10. The Government moved to dismiss his claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Mot. to Dismiss at 1, ECF No. 16.

2

That motion is ripe, and the Court addresses it below.[1]  The Court also addresses Raven's many other pending motions.

## II.

Before turning to the substance of the motion to dismiss, the Court addresses Raven's recusal request.  *See* Mot. for Recusal, ECF No. 22; Mot. to Clarify at 4, ECF No. 23 (asking the Court to recuse).  Raven contends that this Court's disposition in *Raven v. Sajet*, 334 F. Supp. 3d 22 (D.D.C. 2018), raises "substantial doubts" about the Court's impartiality in handling this case.  Mot. for Recusal at 1–2.  He argues the Court failed to adequately address legal theories and misapplied relevant law.  *Id.* at 1–8.  Never mind that the D.C. Circuit summarily affirmed that ruling, *see Raven v. United States*, No. 18-5346, 2019 WL 2562945, at *1 (D.C. Cir. May 17, 2019), and the en banc court and Supreme Court denied further review, *see Raven v. United States*, No. 18-5346, (D.C. Cir. Aug. 12, 2019) (denying en banc review); *Raven v. United States*, 589 U.S. 1160 (2020) (mem.) (denying certiorari).

In any event, his complaints do not justify recusal under 28 U.S.C. § 455.  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).  And Raven's claims, which boil down to dissatisfaction with the Court's resolution of his prior case, provide insufficient reason to deviate from that guidepost here.

## III.

Moving to the motion to dismiss, the Court begins and ends with the Government's standing arguments.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 94–95 (1998).

---

[1] The Court will grant Raven's Motion for Leave to File a Sur-reply, ECF No. 31, and considers the sur-reply in resolving this matter.

3

To survive a motion to dismiss under Rule 12(b)(1), the Complaint must allege a plausible basis for the Court's jurisdiction. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). And jurisdiction encompasses standing to sue under Article III. *See Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015). Under Rule 12(b)(1), the Court "assume[s] the truth of all material factual allegations in the complaint and construe[s] the complaint liberally, granting [Raven] the benefit of all inferences that can be derived from the facts alleged." *Am. Nat'l Ins. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (cleaned up).

More, because Raven proceeds pro se, his Complaint "must be held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). But even pro se litigants must meet the minimum pleading standards required by the Federal Rules and the Constitution. *See Yellen v. U.S. Bank, Nat'l Ass'n*, 301 F. Supp. 3d 43, 47 (D.D.C. 2018). That includes rules for alleging subject matter jurisdiction. *Stoller v. United States*, 216 F. Supp. 3d 171, 174 (D.D.C. 2016); *see also Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009).

"[S]tanding doctrine helps ensure that in each case, the proper plaintiff is suing the proper defendant over a kind of injury the Court is able to resolve." *Mass. Coal. for Immigr. Reform v. U.S. Dep't of Homeland Sec.*, 698 F. Supp. 3d 10, 22 (D.D.C. 2023). This principle means Raven must plausibly allege "(1) an 'injury in fact' that is 'concrete and particularized' as well as 'actual or imminent'; (2) a 'causal connection' between the injury and the challenged conduct; and (3) a likelihood, as opposed to mere speculation, 'that the injury will be redressed by a favorable decision.'" *Ark Initiative v. Tidwell*, 749 F.3d 1071, 1075 (D.C. Cir. 2014) (quoting *Lujan*, 504 U.S. at 560–61).

4

Raven has not made that showing. He falters at the first hurdle—injury in fact—by failing to specify a concrete injury, particular to him. A concrete harm is "real, and not abstract." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016) (cleaned up). And a "particularized" injury "must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1. Broad, "generally available grievance[s] about government" operations do not suffice. *Id.* at 573.

But that is all Raven's Complaint supplies. He alleges the Government "committed systemic breaches of fiduciary duty and constitutional violations" by overt politicization and "nationalization" of the Smithsonian. *See* Am. Compl. at 16. These failures, he says, resulted in the "loss of institutional independence and cultural trust integrity," *id.* at 34, or, put another way, those failures diminished Raven's "trust-based reliance and institutional access" to the Smithsonian, *id.* at 22. None of those injuries is concrete. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). Vague claims of diminishing integrity without more amount merely to "abstract" harms. *See Daughtrey v. Carter*, 584 F.2d 1050, 1058 (D.C. Cir. 1978).

None of those injuries is particular to Raven, either. *See Clapper*, 568 U.S. at 409. Smithsonian management decisions, however much they politicize the institution, "no more directly and tangibly" affect Raven than they do "the public at large." *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013) (cleaned up). Indeed, Raven himself emphasizes that this "ongoing injury" affects not only him, but all "people of the United States." Am. Compl. at 25, 39. He is thus left with exactly the kind of "harm to his and every citizen's interest" that bars suits from federal court. *Hollingsworth*, 570 U.S. at 706.

Even if Raven cited the second denial of his portrait as injury, he would still come up short. No one he sues here had a role in that decision. The rejection resulted from Sajet's "independent action," *Von Aulock v. Smith*, 720 F.2d 176, 181 (D.C. Cir. 1983); *see* Am. Compl.

5

13

at 20, which would leave Raven unable to fairly trace his painting's rejection to the Government actors party to this case, *Von Aulock*, 720 F.2d at 181.

Raven counters that he has standing through his status as a "public beneficiary of the Smithson trust." Pl.'s Mot. at 3; Am. Compl. at 27, 30, 36. He asserts that normally, the D.C. Attorney General must sue to enforce trust obligations in this circumstance "as guardian[] of the beneficiaries" of trusts operating in the District. Am. Compl. at 27. Because the Attorney General has not acted, Raven claims he may do the job given his "special interest" status as an artist. *Id.* at 27–30.

This argument falls short. First, the only support Raven provides for this theory comes from Hawaii state law and thus does not affect this case. *See id.* at 29 (citing *Kapiolani Park Pres. Soc. v. City of Honolulu*, 751 P.2d 1022 (Haw. 1988)).[2] It is true that the Smithsonian, unlike other federal entities, acts as a "trustee," in that it administers "the original Smithson trust property and later accretions." *Dong v. Smithsonian Inst.*, 125 F.3d 877, 883 (D.C. Cir. 1997) (noting that the Smithsonian was created "pursuant to a trust bequest" and the "United States, as trustee, holdings legal title to the original Smithson trust property and later accretion"). But that does not mean the Smithsonian serves as a trustee to individual Americans or artists, like Raven. When the United States subjects itself to a trust relationship, it does so specifically. *See, e.g.*, *United States v. Navajo Nation*, 537 U.S. 488, 505–06 (2003) (finding a "general trust relationship between the United States and the Indian people" insufficient reason to impose fiduciary duties on the United States) (cleaned up). Without a more "personal stake" in the

---

[2] Raven's other citations on this score do not lead to actual cases. *See* Am. Compl. at 30 (citing "*Eliot v. Keese. . .*, 305 Mass. 563, 21 N.E.2d 165, 167 (1939)") (italics added); *id.* at 29 (citing "*Edes Home v. Hooker,* 204 F.2d 555, 560 (D.C. Cir. 1953)"); *id.* at 25 (citing "*Edes Home v. Hooker*, 36 App. D.C. 566 (1911)") (italics added).

Smithsonian's affairs, *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 368 (2024), Raven has not shown standing. So the Court must dismiss his Complaint. *See Arpaio*, 797 F.3d at 15.

## IV.

Finally, the Court addresses several other motions Raven filed. He twice moved this Court to certify his case to the Supreme Court. *See* Mot. for Order for Cert., ECF No. 2; Mot. for Cert., ECF No. 9. The Court will deny those motions. Should Raven desire a higher court's review, he must use the regular appeals process. *See Sibley v. U.S. Sup. Ct.*, 786 F. Supp. 2d 338, 345 (D.D.C. 2011) ("This court is not a reviewing court and cannot compel Supreme Court justices . . . to act.").

Next, Raven moves the Court to take judicial notice of various facts. *See* Mot. to Take Jud. Notice, ECF No. 3; Mot. to Clarify at 3, ECF No. 23. The Court will deny these motions too. This information is "irrelevant to disposition of the motion to dismiss, which turns on the adequacy of the well-pleaded factual allegations in the complaint, which are assumed to be true." *Whiting v. AARP*, 637 F.3d 355, 364 (D.C. Cir. 2011).

## V.

For these reasons, the Court will dismiss Raven's Complaint without prejudice, and deny his Motion for a Preliminary Injunction as moot.

The Court will also deny Raven's Motions to Recuse, Motions to Certify, Motions to Take Judicial Notice. It will grant him Leave to File a Sur-reply.

A separate Order will issue today.

2026.01.26
11:24:24 -05'00'

Dated: January 26, 2026               TREVOR N. McFADDEN, U.S.D.J.

7